UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff | )  Civil Case Number: 5:12-CV-1599 (MAD/ATB) |
| v. | ) |
| William R. Jennings | ) |
| Defendant | ) |

## COMPLAINT FOR MONEY OWED TO THE UNITED STATES

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution 28 U.S.C. Sec. 1345.

2. This Court has personal jurisdiction over the defendant(s) residing at 190 Anderson Avenue, Syracuse, New York 13205.

### STATEMENT OF THE CLAIM

3. That based on the records reviewed, William R. Jennings signed a promissory note on or about August 3, 1992, in the amount of $5,000.00. A copy is attached as Exhibit "A".

4. Pursuant to the promissory note agreement, the U.S. Department of Human Health and Services guaranteed the loan.

5. The borrower William Jennings defaulted and the U.S. Department of Health and Human Services paid an Insurance claim to the Pennsylvania Higher Education Assistance Authority on February 13, 2008 and the amount owed by the borrower as of this date was $9,598.00.

6. There is due from the defendant to the plaintiff the principal sum of $11,259.51 plus accrued interest of $54.95 making the total due as of October 9, 2012 $11,314.46.  Interest is computed at a variable rate and is adjusted quarterly. Interest continues to accrue on the principal balance of at a rate of 3.125% per annum.

7. No portion of this balance has been paid.

8. The Plaintiff, United States of America, respectfully requests that this Court enter judgment in favor of the plaintiff and against the defendant for the principal of $11,259.51 plus accrued interest at the rate of 3.125% per annum plus costs and disbursements.

WHEREFORE, the United States of America prays for judgment:

For the sums set forth above, plus prejudgment interest through the date of judgment, all administrative costs, and service of process costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 with that interest on the judgment at the legal rate per annum until paid in full, and for such other relief which the Court deems proper.

Respectfully submitted,

BY: _____
John Manfredi
ATTORNEY FOR THE UNITED STATES OF AMERICA
Manfredi Law Group, PLLC
902 East 19th St. Suite 2A
New York, New York 10003
PH: 347 614 7006
PH: 877 348 8495
Fax 347 332 1740

Exhibit A

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH RESOURCES AND SERVICES ADMINISTRATION

OMB No 0915-0043
Expiration Date: 09/30/91

024964

# HEALTH EDUCATION ASSISTANCE LOAN PROGRAM
## Promissory Note — Variable Rate

PHEAA

**WARNING:** Any person who knowingly makes a false statement or misrepresentation in a HEAL loan transaction, bribes or attempts to bribe a Federal official, fraudulently obtains a HEAL loan, or commits any other illegal action in connection with a HEAL loan is subject to possible fine and imprisonment under Federal statute.

ALTERNATIVE LOANS

| Last Name (Print or type) | First Name | Middle Initial | Social Security Number (SSN) |
|---|---|---|---|
| Jennings, William R | | | 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 |

Other Name(s) Used

| PERMANENT (HOME) ADDRESS | City | State | Zip Code | Area Code/Telephone Number |
|---|---|---|---|---|
| 449 Edlewood Blvd | Baldwinsville, NY | | 13027 | (315) 635-1379 |
| TEMPORARY SCHOOL ADDRESS | City | State | Zip Code | Area Code/Telephone Number |

## PROMISE TO PAY

I, **William R. Jennings**, the borrower, promise to pay to the Pennsylvania Higher Education Assistance Agency (the "Agency") (the lender), or the subsequent holder of this Note, the principal sum of $ **5,000** to the extent it is advanced to me, to pay interest on the principal sum as set out below and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due. This Note is under an Agency program which is funded in part by one or more Revenue Bond Issues under Trust Indentures with Dauphin Deposit Bank and Trust Company, Harrisburg, Pennsylvania, as Trustee (the "Trustee"). Under certain circumstances this Note may be sold or assigned to third parties or transferred out from under the lien of the Indenture.

The Lender and I further understand and agree that:

### NOTIFICATION
I must immediately notify the lender (in this Note, the term "lender" includes a subsequent holder of the Note) in writing if any of the following occurs to me before the loan is repaid in full: 1) change of address; 2) name change (e.g., maiden name to married name), 3) failure to enroll in a HEAL school for the period for which the loan is intended, 4) transfer to another school, 5) withdrawal from school or attendance on a less than full-time basis, 6) graduation, 7) failure to begin any activity eligible for deferment status, or 8) cessation of participation in an activity eligible for deferment status.

### INTEREST
1. Beginning on the day the loan is disbursed, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.
2. Interest shall accrue and be payable at a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure to the nearest one-eighth of one percent.
However; (a) so long as this Note is not in repayment and is held by the Agency or the Trustee and has not been transferred out from under the lien of the Indenture a credit may be computed every month and applied every six (6) months or (b) if the Note is in repayment and held by the Agency or the Trustee and has not been transferred out from under the lien of the Indenture a credit may be computed and applied every month which credit will be a reduction of the interest accrued pursuant to the United States Treasury Regulations on arbitrage bonds (26 CFR § 1.103-13 et seq.) as applicable to the Bonds.
3. Any changes in the yearly rate of interest will affect the payment amounts, the number of payments, or the amount due at maturity.

### INSURANCE PREMIUM
I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

### PREPAYMENT
I may, at my option and without penalty, prepay all or any part of the principal and accrued interest at any time. If I pay off early, I will not have to pay a penalty. If I pay off early, I will not be entitled to a refund of part of the insurance premium.

### REPAYMENT
1. Repayment shall be made in monthly installments over a repayment period which starts the first day of the tenth month after the month in which:
(A) I cease to be a full-time student at a HEAL school;
(B)(1) I cease to be a participant in an accredited internship or residency program of not more than four years in duration,¹ or
(2) I complete the fourth year of an accredited internship or residency program of more than four years in duration,¹ or
(C) I cease to be a participant in a fellowship training program not in excess of two years or a participant in a full-time educational activity not in excess of two years which: (1) is directly related, as defined in program regulations, to the health profession for which I prepared at a HEAL school, and (2) in which I may engage during a two-year period which begins within twelve months after I complete my participation in an internship or residency program described in clause (B)(1) or clause (B)(2) of this paragraph or before I complete my participation in such an internship or residency program.
2. The repayment period shall be less than ten years nor more than twenty-five years. Any period described under DEFERMENT shall not be included in determining the ten or twenty-five year periods. If I receive my first HEAL loan on or after October 22, 1985, the repayment period shall not extend to a date that is more than thirty-three years from the date on which I signed this Promissory Note. If I received any HEAL loan prior to October 22, 1985, however, any period described under DEFERMENT shall not be included in determining the thirty-three year period.
3. At least thirty and not more than sixty days before the commencement of my repayment period, I must contact the holder of my loan to establish the precise terms of repayment. My repayment schedule will require monthly payments. However, I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period. If I contact the holder of my loan within the period described, if I do not contact the holder and do not respond to contacts from the holder, the holder may establish a monthly repayment schedule with substantially equal installment payments subject to the terms of this Note.
4. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.
5. Unless I agree otherwise, I shall make a minimum annual repayment of an amount equal to the annual interest on the unpaid principal balance. Except as provided above, if I have other outstanding HEAL loans, the sum of all payments to all holders on my HEAL loans shall not be less than an amount equal to the consolidated interest on the unpaid principal balance.
6. I understand that this loan must be repaid in accordance with my Repayment Schedule. If my account becomes overdue by more than sixty days, the lender must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender must also use collection agents and utilize other collection activities (which may include litigation) if my account becomes overdue.

### CREDIT REPORTING AGENCY
My educational institution or my lender may disclose my loan, and any other relevant information, to appropriate consumer credit reporting agencies. If I am more than sixty days past due in making a scheduled payment, the lender of my loan will notify an appropriate consumer credit reporting agency of my past due status, and any other relevant information.

### LATE CHARGE
If a scheduled payment is late, I will be charged five cents for each dollar of the installment payment due.

### GENERAL
The terms of this Note shall be construed to the Law (42 U.S.C. 294-294l) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.
I agree that all proceeds from this loan will be used solely for tuition and other reasonable education expenses, including fees; books, supplies and equipment, and laboratory expenses, reasonable living expenses, reasonable transportation costs (only to the extent they are directly related to my education), and the HEAL insurance premium. I further agree that the check(s) for the proceeds of this loan shall be made payable jointly to me and the eligible institution in which I am enrolled.

I have read and understand the Additional Terms and Statement of Rights and Responsibilities printed on the reverse side of this form.

By my signature below I CERTIFY that I have read and understand my rights and responsibilities regarding the HEAL loan under this Promissory Note.

Date **92/08/03**

SIGNATURE OF BORROWER  **William R Jennings**

ADDRESS **449 Edlewood Blvd**

CITY/STATE/ZIP **Baldwinsville, NY 13022**

**NOTICE:** This note shall be executed without security and without endorsement, except that, if the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser. [...] The lender shall supply a copy of this Note [...]

---

¹ Except that if I have received a HEAL loan before October 22, 1985, and become an intern or a resident in an accredited program before the first day of the tenth month after I cease to be a full time student at a HEAL school, then the repayment period [...]

HRSA-530-1 (Rev. 4-89)

## ADDITIONAL TERMS

### DEFERMENT

Monthly installments of principal and interest need not be paid, but interest will accrue:

(A) When I am carrying a full-time course of study at a HEAL school or at an institution of higher education eligible to participate in the Guaranteed Student Loan Program.

(B) When I am participating in a fellowship training program or full-time educational activity for not in excess of two years as described in paragraph 1 under REPAYMENT above.

(C) Not in excess of three years for each of the following when I am:
  (1) a member of the Armed Forces of the United States;
  (2) in service as a volunteer under the Peace Corps Act;
  (3) in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
  (4) a member of the National Health Service Corps.

(D) Not in excess of four years when I am a participant in an accredited internship or residency program. Except that if I received my first HEAL loan on or after October 22, 1985, this limitation of four years also includes any period of deferral of the onset of the repayment period due to participation in an internship or residency program.

2. To receive a deferment, including a deferral of the onset of the repayment period (see REPAYMENT), I must, prior to the onset of the deferment activity and annually thereafter, submit to the lender evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the lender with all required information or other information regarding the requested deferment.

### DEATH/DISABILITY

If I die or become totally and permanently disabled, my obligation on this Note shall be cancelled in accordance with applicable Federal statute and regulations.

### FORBEARANCE

I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my HEAL loan and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender (holder) must exercise forbearance in accordance with terms that are consistent with the twenty-five and thirty-three year limitations on the length of repayment if the lender and the borrower agree in writing to the new terms. Each forbearance period may not exceed six months and the total period of forbearance (with or without interruption) granted to me must not exceed two years unless an extension is granted by the Secretary.

### DEFAULT

If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan, and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary may also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).

For valuable consideration, the receipt of which is hereby acknowledged, the undersigned does hereby assign, transfer and set over to the United States of America its claim of every kind and nature herein against the debtors named therein.

The undersigned specifically waives further notice of any matters in connection with the above and requests the court to make an order substituting the above assignee to the rights of the undersigned herein.

Name of Borrower: William _____

American Educator Service representing this claim

### BANKRUPTCY

I may not have my loan discharged in bankruptcy during the first five years of the repayment period, under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL loan discharged in bankruptcy after the first five years of the repayment period only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursement or Federal payments for health services under any Federal law in amounts up to the balance of the loan.

Any check representing this claim of the United States of America and mailed or delivered to the HEAL Branch, Public Health Service, DHHS, Room 9A-16, 5600 Fishers Lane, Rockville, Maryland 20857.

By: _____

Date: 1-1-86

### BORROWER'S RIGHTS

1. The lender (holder) cannot change the terms of my HEAL loan without my consent.

2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender (holder) must return the note to me when the loan is paid in full.

3. The loan check or draft must be made payable jointly to me and my school. The check or draft must require my endorsement.

4. The lender (holder) will provide me with a repayment schedule before the repayment period begins.

5. If the loan is sold from one lender to another lender, or if the loan is serviced by a party other than the lender, the holder must notify me within 30 days of the transaction and I must be sent a notification which spells out my obligations to the new holder.

6. I have a right to a 9-month "grace period" before repayment begins after I have completed school attendance, internship and residency in an accredited program, or a fellowship training program or full-time educational activity approved by the Secretary for this purpose.

7. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. However, interest continues to accrue during any deferment period. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations.), I must, prior to the onset of the activity and annually thereafter, submit to the holder of the note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information or other information regarding the requested deferment.

8. I have a right to repay the whole or any portion of the loan at any time without a penalty.

9. I may select a monthly repayment schedule with substantially equal installments or a monthly repayment schedule with graduated installments that increase in amount over the repayment period if I contact the holder of my loan at least 30 and not more than 60 days before the commencement of my repayment period to establish the precise terms of repayment.

10. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal statutes and regulations.

11. "Forbearance" means an extension of time for making loan payments or the acceptance of smaller payments than were previously scheduled to prevent me from defaulting on my payment obligations. I have the right to be granted forbearance whenever I am temporarily unable to make scheduled payments on my HEAL loan and I continue to repay the loan in an amount commensurate with my ability to repay the loan unless the Secretary determines that my default is inevitable and the forbearance will be ineffective in preventing default. A lender (holder) must exercise forbearance in accordance with terms that are consistent with the 25- and 33-year limitations on the length of repayment if the lender (holder) and the borrower agree in writing to the new terms. Each forbearance period may not exceed 6 months and the total period of forbearance (with or without interruption) granted to me must not exceed 2 years unless an extension is granted by the Secretary.

12. The lender (holder) must notify me in writing of the balance owed for principal, interest, insurance premiums, and any other charges and fees owed to the lender (holder), at least every 6 months from the time my loan was disbursed to me.

### BORROWER'S RESPONSIBILITIES

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid will be increased by late charges and may be increased by additional interest costs, attorney's fees, court costs and other collection costs.

2. I agree to pay an insurance premium if charged by the lender, not to exceed the amount the lender is required to pay to the Secretary to provide insurance coverage on a HEAL loan. I understand that I will not be entitled to any refund on this premium.

3. I must immediately notify the lender (holder) in writing if any of the following occurs to me before the loan is repaid in full: a. change in address, b. name change (e.g., maiden name to married name), c. failure to enroll in a HEAL school for the period for which the loan is intended, d. transfer to another school, e. withdrawal from school or attendance on a less than full-time basis, f. graduation, g. failure to begin any activity eligible for deferment status, or h. cessation of participation in an activity eligible for deferment status.

4. I must notify the lender (holder) of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.

5. To receive a deferment, including a deferral of the onset of the repayment period (See Section 60.11(a) of the HEAL regulations.), I must, prior to the onset of the activity and annually thereafter, submit to the holder of the note evidence of my status in the deferment activity and evidence that verifies deferment eligibility of the activity. It is my responsibility to provide the holder with all required information or other information regarding the requested deferment.

6. I understand that this loan must be repaid in accordance with my repayment schedule. If my account becomes overdue by more than 60 days, the lender (holder) must notify an appropriate consumer credit reporting agency of this, which may significantly and adversely affect my credit rating. The lender (holder) must also use collection agents and utilize other collection activities (which may include litigation) if my account becomes overdue.

7. If I do not make payments when due, my loan may be declared in default. If I default, the Federal Government will take over my loan and I will then owe the Government. The Federal Government will actively pursue me for repayment of the debt, including the use of collection agents and reporting my default to consumer credit reporting agencies or to the Internal Revenue Service for purpose of locating me or for income tax refund offset, and referral to the Department of Justice for litigation. I may be the subject of court action to force me to pay. The Secretary may also cause to be reduced Federal reimbursements or payments for health services under any Federal law to borrowers who are practicing their professions and have defaulted on their loans, and may make other administrative offsets, including salary offsets for Federal employees. The Government may also report any written off debt to the Internal Revenue Service as taxable income, and may undertake any other debt collection procedures in accordance with the Claims Collection Regulations (45 CFR Part 30).

8. I do not have the right to have my loan discharged in bankruptcy during the first 5 years of the repayment period. This prohibition against the discharge of a HEAL loan applies to bankruptcy under any chapter of the Bankruptcy Act, including Chapter 13. I may have a HEAL loan discharged in bankruptcy after the first 5 years of the repayment period only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable and upon the condition that the Secretary shall not have waived his or her rights to reduce any Federal reimbursement or Federal payments for health services under any Federal law in amounts up to the balance of the loan.