**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

    **vs.**                                          **5:12-CV-01599**
                                                        **(MAD/ATB)**

**WILLIAM R. JENNINGS,**

                      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **MANFREDI LAW GROUP, PLLC**<br>302 East 19th Street<br>Suite 2A<br>New York, New York 10003<br>Attorneys for Plaintiff | **JOHN S. MANFREDI, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 24, 2012, Plaintiff United States of America commenced this action alleging that Defendant William R. Jennings is indebted to the United States. Plaintiff's complaint alleges that Defendant owes a principal sum of $11,259.51 with accrued interest at 3.125% per annum. In addition to the outstanding principal, Plaintiff also seeks prejudgment interest, all administrative costs, service of process costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961. Presently before the Court is Plaintiff's motion for entry of a default judgment against Defendant. *See* Dkt. No. 6.

### II. DISCUSSION

**A.**     **Default Judgment**

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or

otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule ("L.R.") 55.2 establish the procedural prerequisites plaintiffs must meet in order for a default motion to be granted. A plaintiff moving for default must: (1) properly serve the defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* FED. R. CIV. P.55(b)(2); N.Y.N.D.L.R. 55.1, 55.2.

In this case, Plaintiff filed a complaint on October 24, 2012. Plaintiff contends that Defendant neither answered nor otherwise responded to the complaint. *See* Dkt. No. 4 at 1-2. After not receiving a response from Defendant, Plaintiff requested a clerk's entry of default on December 5, 2012, which was entered that same day. *See id.* at 1; Dkt. No. 5. Plaintiff filed a notice of motion for default judgment containing the appropriate affidavit pursuant to Rule 55(b) of the Federal Rules of Civil Procedure on December 16, 2012. *See* Dkt. No. 6 at 4. Plaintiff has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

**B.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The allegations in Plaintiff's complaint and supporting papers are, therefore, presumed accurate. Even after the entry of default, the defendant retains the opportunity to contest the amount of damages and the plaintiff must support claimed damages through evidence in the

2

record.  *See id.*

Plaintiff claims that Defendant defaulted on his obligations under a promissory note.  *See* Dkt. No. 1 at 2.  Defendant has effectively conceded that he is bound by the terms of the note he entered into with Plaintiff by failing to answer Plaintiff's complaint or oppose this motion.  As such, Plaintiff has met the "modest threshold burden in establishing entitlement to a default judgment against defendant, under the circumstances."  *United States v. Simmons*, No. 5:10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012).

**C.    Damages**

Through evidence submitted in support of its motion, Plaintiff has established that Defendant owes $11,259.51 in principal.  *See* Dkt. No. 6.  Moreover, the evidence establishes that interest accrued at the rate of 3.125% per annum, which equates to $0.96 per day.  *See id.*  As of December 12, 2012, an additional $116.64 interest accrued on the principal, and from December 13, 2012 until the judgment date of September 18, 2013, amounting to $268.91.  Plaintiff is also entitled to process server fees of $90.00.  *See* Dkt. No. 6 at 4.  Plaintiff has provided evidence of Defendant's account statements indicating the previously stated amounts.  *See id.* at 8, 13.

Pursuant to 28 U.S.C. § 1961(a), Plaintiff is entitled to post-judgment interest, which it has sought here.  The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."  28 U.S.C. § 1961(a) (internal footnote omitted).

## III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 6) is **GRANTED** consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principal and pre-judgment interest through September 18, 2013 of **$11,645.06**; and

(2) post-judgment interest accruing at the statutory rates as discussed above; and

(3) **$90.00** in costs; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: September 18, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge